RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/20/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EMANUEL KESNEL,<br>Petitioner | CIVIL ACTION<br>NO. 11-CV-01645 |
| VERSUS | |
| JANET NAPOLITANO, et al.,<br>Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Emanuel Kesnel ("Kesnel") on September 2, 2011 and amended on October 12, 2011 (Doc. 4). Kesnel, a citizen of Haiti, contests his continued detention, since December 14, 2010, by the Bureau of Customs and Immigration Enforcement ("BICE") pending his removal from the United States and contends there is no possibility that he will be removed in the reasonably foreseeable future. At the time of filing his petition, Kesnel was being detained in the LaSalle Detention Center in Trout, Louisiana. The sole relief requested by Kesnel is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

The Respondent filed a motion to dismiss Kesnel's petition (Doc. Item 8), with documentary evidence and an affidavit by Brian Gueringer, the Assistant Field Office Director of the U.S.

Immigration and Customs Enforcement facility at Oakdale, Louisiana, showing Kesnel was released on an order of supervision on November 15, 2011. Since Kesnel has been released, he has achieved the sole relief requested in his habeas petition and his petition has been rendered moot.

Therefore, the Respondent's motion to dismiss should be granted and Kesnel's petition should be dismissed as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondent's motion to dismiss (Doc. 8) be GRANTED and that Kesnel's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 19th day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE